10:00 AM AST

# DISTRICT OF THE VIRGIN ISLANDS
# ST. THOMAS & ST. JOHN
# PROCEEDING MEMO

**DATE:**       Tuesday, June 11, 2013

**IN RE:**       Tramcon, Inc.                                      Bankruptcy No.  3-12-30011-MFW

**APPEARANCES**

*Benjamin A. Currence, Counsel for Debtor*
*Charles S. Russell, Jr., Counsel for Tramway Properties*
*Robert Reynolds, Counsel for Tramway Properties*
*Adam Hoover, Trustee*
*Martin Ochs, AUST*
*Adam Marshall, Counsel for Independence Bank*

**NATURE OF PROCEEDING**

*Compromise Controversy to Address Legal Issue of Whether Independence Bank's Cure was Sufficient (Docket #228, 245)*

**JUDGE'S NOTES:**

**TRUSTEE -** Report on what has happened since November when closed the tram and appointed him as trustee.  The landlord and Independence Bank and I worked to repair the tram and get it operating again.  It was closed for only 10 days.  Needed cash to operate in tourist season.  Sought short term loan; got from landlord (120k).  It was used to cure the lease to landlord, to repair the tram for safety, and to cover cash flow.  Beginning in January the revenues were good and the expenses were under control, so began to focus on ongoing maintenance necessary for safety and the need to comply with EDC regulations.  Debtor had not provided the paperwork to EDC for several years and realized needed to modify it because the Debtor didn't have the cash or employees required.  All working cooperatively to get the modification.

In the interim, the landlord, Tramway, was making significant improvements to the property at the top and bottom, which it controls.  The ferris wheel and saucers were ripped out.

There were challenges for the estate; it costs a lot to improve and maintain the tram.  Need to comply with ADA (part of loan had to address that).  Needed to buy parts/equipment to do the repairs in summer so finished by start of the season.

**There was an informal meeting with EDC to show the improvements and ask for modification and to show that the debtor and landlord were working together. The Trustee wanted Independence Bank involved in the discussions because felt a possible option would be to hold a 363 sale where Independence Bank would credit bid and step into the shoes of the Debtor. But EDC needed to approve JV partners. The meeting did not go well. EDC concerned about JV structure. Because the Debtor had failed to comply, EDC felt it should not be involved in benefits at all. Then landlord said Debtor was unable to cure its defaults: the Debtor had only a possessory lease (of the tram) not of any land and there were significant non-monetary defaults (including the EDC issue).**

**Trustee wanted Independence Bank to bring in USDA (guarantor of loan for 90%). Asking landlord to waive some defaults, but would not waive the EDC requirements. So became clear Independence Bank could not cure defaults. As a result, I decided to reject the lease and make a settlement with the landlord. Consulted with UST for guidance.**

**Since Trustee has filed the settlement motion, Independence Bank filed an objection. The Trustee was disappointed and tried to settle it but the parties are too far apart. Last week got an offer to purchase debtor from Ideal. I had been monitoring Wintdots, so not surprised Ideal made an offer for our assets. I had also understood that Elskoes were members of Ideal as well as Shorn Joseph. I asked Ideal to do the due diligence and show me that can meet the 3d circuit standard for an offer: cash deal or evidence of financing, appraisals or credit reports to show giving value for the assets. In addition, the Trustee can't comply with the reps and warranties included in the Ideal asset purchase agreement so cannot recommend that as an option.**

**This tourist attraction is key and will be devastating if enough capital is not infused to make it safe in time for winter tourist season. All employees will lose jobs.**

**LANDLORD - Same issues as in November. Trustee has 50k in cash on hand. There is a DIP loan of 35k which paid rent and made repairs and allowed Trustee to operate for the season. Will waive the DIP loan and will pay 15k if the settlement is approved and the Trustee rejects the 1993 lease.**

**Contrary to Independence Bank's answer, we filed the settlement motion because Independence Bank told us it could not cure the default. I know that problem is that the loan is guaranteed by USDA. We gave plenty of notice; filed the motion and served them in April and set for now. Stunned at answer. We have hired some of the employees to do the construction at the top; we are rebuilding restaurant, added parking spaces and ADA compliance so can get cruises in there. The tram needs 383k in repairs. We will wire that today to the vendors. The Trustee can't cure the non-monetary defaults: can't operate 7 days/week; can't repair the tram; already rejected the 97 lease and the joint venture agreement so it is impossible to cure the EDC requirements.**

**Also asked Wintdots, who is the lender/commitment letter from and other details and didn't know.**

**For Independence Bank to take over, the Trustee has to deliver estoppel letter that all defaults of the lease have been cured and to assume and assign the lease to them. He has no cash. Can't**

get a DIP for that. Can't pay it back. Settlement says that only go ahead if Independence Bank doesn't cure. Independence Bank says it will cure but can't.

**Bench filed lease with tabs to show what can't cure:**
**Tab 2 - rent is 10%, 2k/mo minimum**
**Tab 3 - hours of operation 9 to 9 for 7 days/week**
**Tab 4 - has to maintain the gondola**
**Tab 5 - has to have insurance policy and Trustee can't maintain that after today.**

**JUDGE**
**Does the Trustee not have insurance?**

**TRUSTEE** - I have it under an insurance premium financing agreement but have only 50k in the bank and so advised them that I probably won't pay after June. The payments are due the 15th of the month.

**LANDLORD**
**Tab 6 - the Debtor is required to pay legal fees, Independence Bank says doesn't have to. We assert it is 400k.**

There is no dispute that need to order repair parts now to get it running by tourist season and need to meet building codes. Trustee cannot take any act to impair our EDC benefits. The termination of the JV agreement already means we'll lose those benefits. EDC has not terminated yet only because in bankruptcy.

Trustee will give keys to tram today to Independence Bank, but all Trustee has is a possessory right. Independent Bank would have to order parts and get EDC cured. If come back in July and Independence Bank has not done any of that, then approve the settlement.

**JUDGE - Is Independence Bank prepared to cure and make the repairs?**

**INDEPENDENCE BANK - We are prepared to do that. EDC benefits never terminated but the real issue is if can be modified.**

**JUDGE - I see the following options:**
**Option 1- Trustee remains but he can't operate and has no money to make the necessary repairs to operate.**
**Option 2 - Accept the Ideal proposal, but Trustee can't accept it because he can't satisfy the necessary reps and warranties.**
**Option 3 - Independence Bank cures and Trustee gives the operations to it.**

**INDEPENDENCE BANK**
**Trustee can cure: the 600k that landlord asserts is way too much**
**no attorneys' fees are due by the Debtor;**
**p 20 only get attorneys' fees if landlord is the prevailing party**
**is no contested matter in which they prevailed**
**330k of the 400k cure is attorneys' fees**

**and p 19 says each party bears its own costs**

**JUDGE - Well, the landlord did file a motion to appoint a trustee and won that, so maybe**

attorneys' fees are due by the Debtor
And what about the Debtor's obligation to maintain the tram in good working order?
p11

**INDEPENDENCE BANK** - We have tried to get a good exit to this case: do a plan or reorganization in which we provide the exit or DIP financing. We do have the funds available to repair the tram and get it operating.

Also, as to Option 3, under the consent agreement we have the right to cure the 93 lease and only the 93 lease

**JUDGE** - True that Independence Bank only has to cure rent per the consent agreement, but to get the Trustee to assume and assign the lease to the Bank under 365 the Bank would have to cure all the Debtor's defaults.

**RECESS WHILE THE PARTIES TALK**

**TRUSTEE**
have not reached an agreement but I have a proposal
If court finds that Bank should get an opportunity to cure, we will need a transition period: limit to 30 days only.
And require that the Bank show it can cure in interim steps:
Give 2 days to tender the June rent (2k only).
We will prepare a list of repair parts needed (is a schedule of parts under the most recent loan proposal attached to the Bank's answer but I need to review that. We will work with both parties to get the list of parts to be ordered.
The Bank will be require to pay that cost. It will have 10 days to place the order and make whatever deposit is needed for those goods.
With respect to the ADA issue, require that the Bank give us a plan to comply with that (I don't know what needs to be done: if need elevator or what).
The Bank must prove it is in good faith negotiations with the EDC (Bank may file an application alone or in joint venture with the landlord)
Within 30 days resolve the issue of the amountt of cure due for back rent and attorneys fees.
At the same time, the Bank must have management in place so Trustee can turn over operations.
The Trustee will tender keys to Bank today and then serve only as non-possessory party.
Bank will have to pay the insurance premiums (it is a small # and the Bank is already a named insured on the policy).
Once receive the parts, Bank has to do start the repairs within a day or two.
Bank wants a non-interference agreement with Trustee and the landlord.

**JUDGE**
Would this be an assumption and assignment under 365?
Would it eliminate any claims of the landlord or Bank against the estate?

**TRUSTEE**
no but estate has no assets to pay claims anyway
just turning over the asset and letting them perform and if don't perform then Trustee will ask court to approve the settlement with the landlord that allows the Trustee to reject the 93 lease and turn the keys over to the landlord.

**BANK**

we are in support of the Trustee's proposal.
This is the option 3, let the Bank take over and get the project back up and running.
We support the benchmarks and recognize it is really put up or shut up time for the Bank.
We will do it!

**LANDLORD**
two mos ago Bank said it would not cure.
If it really intended to do this would have had a general manager ready to go, would have started the repairs.
The cruise ships directors are in town and we are showing them the improvements made to the top of the hill.
Now suddenly the Bank sees the light.

We have no confidence they will do what say they will.
We are prepared to re-employ all the Debtor's employees today, order the parts today, commence the repairs today, will be back in operation at the start of the season.
They cannot do this.

The EDC will not work with them; they are not even eligible because they are not a VI corporation. That needs to be done to cure.

**BANK**
When we got draft of the Trustee's settlement motion, we entered into negotiations with the estate to come up with a solution; we didn't sit on our hands.
This proposal requires fast action and big $ from us quickly.
What harm is there to letting us try this.

**JUDGE**
I will go with the Trustee's proposal, I must rely on him in first instance to make the business judgment on what to do.
It will only be a short delay.
If the Bank is able to do it, then the Band and the landlord are able to save their investments.

Want an order that says I will approve the settlement between the Trustee and the landlord UNLESS the steps outlined by the Trustee are met by the Bank.
If those steps are met, the Bank gets to remain in possession per the consent agreement as the Trustee will just abandon the estate's rights. If that is done, then the settlement with the landlord is off.
File and deliver the form of order to me by noon tomorrow.
I will retain jurisdiction to hear any disputes that may arise in the meantime.

**LANDLORD**
Confirm that this is not a 365 conveyance but the Trustee is abandoning the estate's interest and the Bank has its rights under our agreements.

Dated:   June 11, 2013

_____
Mary F. Walrath
U.S. Bankruptcy Judge