IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
BANKRUPTCY DIVISION
DIVISION OF ST. THOMAS/ST. JOHN

| | |
|---|---|
| IN RE: : | |
| : | CHAPTER 11 |
| TRAMCON, INC., : | |
| : | CASE NO. 3:12-30011 (MFW) |
| DEBTOR. : | |
| _____ : | RELATED Docket No. 228, 232, 237 and 246 |

**ORDER CONDITIONALLY GRANTING TRUSTEE'S AND TRAMWAY PROPERTIES, INC.'S JOINT MOTION FOR 1) APPROVAL OF SETTLEMENT AGREEMENT; 2) TERMINATION OF 1993 LEASE; 3) GRANTING OF RELEASE IN FAVOR OF TRAMWAY PROPERTIES, INC. SUBJECT TO INDEPENDENCE BANK'S OPPORTUNITY TO CURE LEASE DEFAULTS**

Upon consideration of the Joint Motion of the Trustee and Tramway Properties, Inc. ("Tramway") for 1) Approval of Settlement Agreement; 2) Termination of 1993 Lease; and 3) Granting Of Release In Favor of Tramway Properties, Inc. [Docket No. 228] (The "Motion")[1]; the Notice of Cure by Independence Bank [Docket No. 232]; Tramway's Objection to Notice to Cure [Docket No. 237]; and Independence Bank's Objection thereto [Docket No. 246]; and the Court having heard argument of counsel, reviewed and considered the Motion, and the other aforementioned pleadings, finds that the Motion is well taken; that no objections to the Motion have been filed by any parties other than Independence Bank, or if filed, are overruled by this Court; that the Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and FRBC Rule 9019; and that consideration of the Motion and the requested relief is a core proceeding that the Court may determine pursuant to 28 U.S.C. § 157(b); and that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and that due and proper notice of the Motion has been given under the particular circumstances, all parties in interest

---

[1] Capitalized terms used herein but not defined herein shall have the meanings ascribed to them in the Motion.

have been afforded an opportunity to be heard; and upon all of the proceedings had before the Court; and upon the record of the hearing held on June 11, 2013, herein; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby

ORDERED, ADJUDGED, AND DECREED:

1. The Motion is GRANTED, the 1993 Lease is TERMINATED as to all parties in interest, the Settlement Agreement appended to the Motion as Exhibit B thereto is APPROVED for execution by the Trustee on behalf of the Debtor and by Tramway; the Release appended to the Motion as Exhibit D thereto is APPROVED for execution by the Trustee on behalf of the Debtor, subject however to the following provisions:

2. In the event that Independence Bank (the "Bank") timely performs all of the following tasks, the Motion shall be DENIED:

A. The Bank shall take possession of the 1993 Lease premises from the Trustee immediately;

B. Within two (2) days of entry of this Order, the Bank shall file a report with the Clerk of this Court, and serve a copy on the Trustee, Tramway and Tramway's counsel, evidencing its payment of the June 2013 rent to Tramway. Thereafter, the Bank shall timely pay all rent due in accordance with the terms of the 1993 Lease and contemporaneously provide proof thereof to the Trustee, Tramway and Tramway's counsel.

C. Within two (2) days of entry of this Order, the Bank shall commence and diligently pursue until completion any maintenance and repairs to the Tram and the Project, including but not limited to those critical safety repairs enumerated on page 1 of a May 15, 2013 Skyride Safety Repair & Maintenance Summary (the "Summary"), in accordance with all engineering and manufacturer's specifications, applicable building codes, and regulations, that are possible of repair without the necessity to order parts (the "Minor Repairs").

    D. Within ten (10) days of entry of this Order, the Bank shall file a report with the Clerk of this Court, and serve a copy on the Trustee, Tramway and Tramway's counsel, evidencing that it has placed binding orders for all parts required to undertake the maintenance and repairs to the Tram, including, but not limited to, those safety repairs enumerated on page 1 of the Summary, in accordance with all engineering and manufacturer's specifications, applicable building codes, and regulations, together with evidence that all deposits necessary to ensure shipment of those parts to St. Thomas have been fully paid, where applicable, and upon receipt of the parts, the Bank shall repair and maintain the Tram in accordance with Section VIII, Exhibit B to the 1993 Lease (the "Significant Repairs").

    E. Within ten (10) days of entry of this Order, the Bank shall file a report with the Clerk of this Court, and serve a copy on the Trustee, Tramway and Tramway's counsel, from an engineer or architect, who has inspected the Project, advising what construction, modifications, or other actions are necessary to bring the Project in compliance with the Americans with Disabilities Act. The Bank shall commence such required work immediately thereafter.

    F. Within twenty (20) days of entry of this Order, the Bank shall file a report with the Clerk of this Court, and serve a copy on the Trustee, Tramway and Tramway's counsel, evidencing that it has conducted a meeting with the V.I. Economic Development Commission ("EDC") in a good faith effort to modify and/or effectuate a transfer of the EDC benefits to the Bank or its affiliate.

    G. Within thirty (30) days of entry of this Order, if the Bank has reached an agreement with Tramway regarding the amount of all outstanding pre-petition and post-petition rent due under the 1993 Lease (the "Rent"), the Bank shall file a report with the Clerk of this Court, and serve a copy on the Trustee, Tramway and Tramway's counsel, evidencing that those amounts have been paid. In the event the parties are unable to agree on the amount of Rent due, an evidentiary

hearing will be conducted by the Court on August 8, 2013 to resolve such dispute.

    H. Within thirty (30) days of entry of this Order, the Bank shall file a report with the Clerk of this Court, and serve a copy on the Trustee, Tramway and Tramway's counsel, evidencing that the Bank has reached an agreement with Tramway on the amount of attorneys fees, expenses and costs due Tramway as a result of Tramcon's defaults under the 1993 Lease (the "Fees") and that the Bank has paid all such Fees. In the event the parties are unable to agree on the amount of the Fees, an evidentiary hearing will be conducted by the Court on August 8, 2013, on the issue of Tramway's entitlement to and the amount of Fees due to Tramway under the 1993 Lease.

    I. Prior to the August 8, 2013 hearing set forth above, the Bank shall have concluded all discovery relating to the amount and reasonableness of the Rent and Fees.

    J. Within thirty (30) days of entry of this Order, the Bank shall file a report with the Clerk of this Court, and serve a copy on the Trustee, Tramway and Tramway's counsel, evidencing that it has engaged a qualified general manager to oversee the Project, attaching thereto such manager's resume or other evidence of qualifications to properly operate the Tram.

    K. Commencing with the July payment, the Bank shall pay all premiums necessary to maintain all insurance policies required under the 1993 Lease in full force and effect, which policies shall name Tramway as an additional insured, and the Bank shall file certificates evidencing such insurance with the Clerk of this Court, and serve a copy on the Trustee, Tramway and Tramway's counsel, and the United States Trustee's Office.

  6. In the event the Bank fully complies with the provisions set forth above in Paragraph 2(A)-(K), the Motion shall be DENIED in its entirety and shall be of no further force and effect.

  7. Should the Bank advise the Trustee that the Bank is unable to timely comply with any of the terms of this Order, time being of the essence, the Trustee shall so advise the Court by filing a certification to that effect and shall provide immediate possession of the Project to Tramway

pursuant to the provisions of the Joint Motion and Settlement Agreement.

       8.     A hearing regarding the compliance by the Bank with the terms of this Order set forth in Paragraph 2(A)-(K) shall be held on July 11, 2013, at 10:00 o'clock a.m. AST.

       8.     This Court shall retain jurisdiction to interpret, implement, and enforce the provisions of this Order.

Date: June 12, 2013.

_____
The Honorable Mary F. Walrath
United States Bankruptcy Judge